265

(C.D. 3358)

BORDER BROKERAGE COMPANY *v.* UNITED STATES

United States Customs Court, Second Division

(Decided March 12, 1968)

*Lawrence & Tuttle* for the plaintiff.
*Edwin L. Weisl, Jr.,* Assistant Attorney General, for the defendant.

Before RAO, FORD, and BECKWORTH, Judges

RAO, Chief Judge: The merchandise covered by the protest listed above consists of rerolled plate which was assessed with duty at the rate of 0.175 cent per pound, pursuant to the provisions of paragraph 307 of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, for boiler or other plate iron or steel not thinner than 0.109 inch, cut or sheared to shape or otherwise, or unsheared and skelp iron or steel sheared or rolled in grooves, all the foregoing valued not over 3 cents per pound.

It is claimed in said protest that said merchandise is properly free of duty under the provisions of Public Law 869, section 1(b), 81st Congress, 2d session, 86 Treas. Dec. 27, T.D. 52656, as amended by Public Law 86–606, as metal scrap.

This protest has been submitted for decision upon a written stipulation of counsel for the respective parties hereto which reads as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the plaintiff and the Assistant Attorney General for the United States that the items marked "A" and initialed RFF (Examiner's Initials) by Examiner R. F. Frick (Examiner's Name) on the invoice covered by the above entitled protest, and assessed with duty at .175¢ per pound Par. 307, Tariff Act of 1930, as amended consist of rerolled plate the same in all material respects as the merchandise the subject of *United States* v. *Border Brokerage, et al.* 50 CCPA 15, C.A.D. 811, wherein the merchandise was held free of duty under the provisions of Public Law 869, Section 1(b) as scrap.

IT IS FURTHER STIPULATED AND AGREED that the record in *United States* v. *Border Brokerage, et. al.* 50 CCPA 15, C.A.D. 811, be incorporated in the record of the said protest, the protest being limited to the items marked "A" as aforesaid.

Upon the agreed facts and the cited authority, we hold the merchandise here in question, identified by invoice items marked and initialed

as aforesaid, to be free of duty under the provisions of Public Law 869, section 1(b), 81st Congress, 2d session, 86 Treas. Dec. 27, T.D. 52656, as amended by Public Law 86–606, for metal scrap. All other claims are, however, overruled.

Judgment will be entered accordingly.